UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JOHNSON, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>JAMES D. ALJIAN, KIRK KERKORIAN, and TRACINDA CORPORATION,<br><br>    Defendants. | Case No. CV 03-5986 DMG (PJWx)<br>**AMENDED**<br>**FINAL JUDGMENT AND ORDER**<br>[271, 273] JS-6<br>The Honorable Dolly M. Gee |

WHEREAS, the above-captioned matter has settled pursuant to the terms of settlement set forth in a Stipulation of Settlement that was executed by the parties on March 16, 2010 (the "Stipulation");

WHEREAS, the Stipulation contains a number of specifically defined terms, which definitions are incorporated herein by reference with respect to each such term;

WHEREAS, the Court preliminarily approved the Settlement by Order of the Court dated March 31, 2010;

WHEREAS, the Court, having determined that notice of a final hearing in connection with the Settlement was given in accordance with the Preliminary Approval Order, and that said notice was the best notice practicable and was adequate and sufficient;

WHEREAS, a hearing was held before this Court on September 16, 2010, to:

    a.   determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interest of the DCX Class;

    b.   determine whether judgment should be entered pursuant to the Stipulation, *inter alia,* dismissing the Action against Defendants with prejudice and extinguishing and releasing all Released Claims;

    c.   determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

    d.   rule on Class Counsel's application for a Fee Award;

    e.   rule on Plaintiffs' application for reimbursement of reasonable costs and expenses (including lost wages) in connection with their representation of the DCX Class; and

    f.   otherwise rule on such other matters as the Court may have deemed appropriate; and

WHEREAS, an opportunity to be heard has been given to all Persons entitled to and desiring to be heard as provided in the Notice.

NOW, THEREFORE, after consideration of all written submissions, of all presentations at the time of the hearing, and otherwise being fully apprised, and after due consideration,

IT IS HEREBY ORDERED THAT:

1. The Court, for purposes of this Final Judgment and Order, adopts all defined terms as set forth in the Stipulation.

2. The Notice, the Summary Notice and the notice methodology implemented pursuant to the Stipulation and the Court's Preliminary Approval Order: (a) constituted the best practicable notice of the Settlement; (b) constituted notice that was reasonably calculated under the circumstances to apprise DCX Class Members of the Settlement; (c) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice of the Settlement; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended, including by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and any other applicable rules or law.

3. The Settlement and all transactions preparatory or incident thereto are found to be fair, reasonable, adequate and in the best interests of the DCX Class, and the Settlement is hereby approved. Subject to the terms and provisions of the Stipulation, the Parties are directed to consummate the Settlement.

4. The Action and all claims included therein, as well as all of the Released Claims are hereby dismissed with prejudice as to Plaintiffs and the DCX Class Members, and as against Defendants. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Upon the Effective Date of the Settlement, Plaintiffs and the DCX Class Members, on behalf of themselves, their heirs, executors, estates, legatees, administrators, successors and assigns, shall, with respect to each and every Released

1 Claim, release and forever discharge, and shall forever be enjoined from prosecuting,
2 either directly or in any other capacity, any Released Claims against the Released
3 Parties.
4     6.   Upon the Effective Date of this Settlement, each of the Defendants, on
5 behalf of themselves, their heirs, executors, estates, legatees, administrators,
6 successors and assigns, shall, with respect to each and every Settled Defendants'
7 Claim, release and forever discharge, and shall forever be enjoined from prosecuting
8 the Settled Defendants' Claims.
9     7.   Notwithstanding paragraphs 5 and 6 above, nothing in this Final Judgment
10 and Order shall bar any action or claim by any of the Parties to enforce or effectuate
11 the terms of the Stipulation or this Final Judgment and Order.
12     8.   This Final Judgment and Order, the Stipulation and each of the exhibits
13 attached thereto, whether or not consummated, and any negotiations, discussions or
14 proceedings in connection herewith shall not be:
15     (a)   evidence of or construed as or deemed to be evidence of any
16 presumption, concession, or admission by Defendants of the truth of any fact alleged
17 by Plaintiffs and the DCX Class Members or the validity of any Claim that has been
18 or could have been alleged in the Action or in any litigation, or the deficiency of any
19 defense that has been or could have been alleged in the Action or in any litigation, or
20 of any liability, negligence, fault, or wrongdoing of Defendants;
21     (b)   evidence of a presumption, concession, or admission of any
22 liability, fault, misrepresentation or omission with respect to any statement or written
23 document approved or made by Defendants;
24     (c)   evidence of a presumption, concession, or admission of any
25 liability, negligence, fault or wrongdoing, or in any way referred to for any other
26 reason as against any of the Parties to this Stipulation, in any other civil, criminal or
27 administrative action or proceeding, other than such proceedings as may be necessary
28 to effectuate the provisions of this Stipulation; provided, however, that if this

Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted to Defendants thereunder;

   (d)   evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the DCX Class Members that any of their Claims submitted in Proofs of Claim are without merit, or that any defenses asserted by Defendants and/or the Released Parties have any merit; or

   (e)   construed against Defendants or Plaintiffs and the DCX Class as an admission or concession that the consideration to be given thereunder represents the amount that could be or would have been recovered after trial.

  9.   The Plan of Allocation is approved as fair and reasonable, and Class Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

  10.   The Court observes that all Parties and their counsel agree that they have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

  11.   The Court finds that all Persons within the definition of the DCX Class have been adequately provided with an opportunity to exclude themselves from the Settlement by executing and returning a request for exclusion, in conformity with the terms of the Stipulation. All Persons who have requested exclusion from this Settlement in the manner described in the Notice are not bound by this Final Judgment and Order. All Persons who have requested exclusion from the Settlement are identified on Exhibit 1 hereto.

  12.   Only those DCX Class Members who have filed valid Proofs of Claim shall be entitled to participate in the Settlement and receive a distribution from the DCX Net Settlement Fund. All DCX Class Members shall, as of the Effective Date, be bound by the releases set forth herein and in the Stipulation whether or not they have submitted a valid Proof of Claim.

13. No DCX Class Member shall have any claim against Plaintiffs, Class Counsel, Liaison Counsel, the Claims Administrator or other agent designated by Class Counsel based on the distributions made and actions taken in connection with such distributions substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No DCX Class Member shall have any claim against Defendants or their counsel with respect to the investment or distribution of the DCX Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the DCX Gross Settlement Fund, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to DCX Class Members.

14. Class Counsel are hereby awarded attorneys' fees in the amount of 33⅓% of the DCX Gross Settlement Fund, which sum the Court finds to be fair and reasonable. Class Counsel are hereby awarded a total of $336,140.32 in reimbursement of expenses, with interest earned on this amount from the date the Settlement Amount was funded to the date of payment at the same net rate that interest is earned by the Settlement Amount. The foregoing awards of attorneys' fees and expenses shall be paid to Class Counsel from the DCX Gross Settlement Fund, and such payments shall be made at the time and in the manner provided in the Stipulation. The award of attorneys' fees and expenses shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Class Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

15. In making this award of attorneys' fees and reimbursement of expenses to be paid from the DCX Gross Settlement Fund, the Court has considered and found that:

    a. the Settlement has created a fund of $8,100,000 in cash, plus interest thereon, and that numerous DCX Class Members who submit valid Proofs of Claim will benefit from the DCX Net Settlement Fund created by Class Counsel;

b. Over 123,000 copies of the Notice were disseminated to putative DCX Class Members indicating that Class Counsel was moving for attorneys' fees in an amount not to exceed 33⅓% of the DCX Gross Settlement Fund and for reimbursement of expenses in an amount not to exceed $400,000, and no objections were filed against the terms of the proposed Settlement or the ceiling on the attorneys' fees and expenses requested by Class Counsel contained in the Notice, and seven requests for exclusion were received;

c. This Action involved numerous difficult issues related to liability and damages;

d. Class Counsel achieved the Settlement with skill, perseverance, and diligent advocacy on behalf of the DCX Class;

e. Had Class Counsel not achieved the Settlement, there would remain a significant risk that Plaintiffs and the DCX Class may have recovered less or nothing from Defendants;

f. Plaintiffs' Counsel have devoted over 9,600 hours, with a Lodestar value of $3,730,923.25, to achieve the Settlement;

g. Class Counsel pursued this Action on a wholly contingent basis;

h. Class Counsel's request of 33⅓% of the DCX Gross Settlement Fund in attorneys' fees is fair and reasonable and consistent with awards in similar cases; and

i. The DCX Settlement was negotiated at arm's-length, and no evidence of fraud or collusion has been presented.

16. The Court hereby awards $35,000 to Plaintiffs ($5,000 to each Plaintiff) as reimbursement for their reasonable costs and expenses (including lost wages) incurred in serving as the Class Representatives and representing the DCX Class during the prosecution of this Action.

17. In the event that the Settlement, including any amendment made in accordance with Section IV.L.5 of the Stipulation, fails to become effective in

accordance with its terms, or if this Final Judgment and Order is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Final Judgment and Order (except this Paragraph) shall be null and void, the Settlement, except for Sections IV.D.2 and IV.J.3 of the Stipulation, shall be deemed terminated, and the Parties shall return to their pre-settlement positions as provided for in the Settlement, except that (a) any modifications, reversal, or vacation of the award of attorneys' fees and expenses to Class Counsel, or reimbursement of reasonable costs and expenses to Plaintiffs, on appeal or in any further motions in this Court shall in no way disturb or affect any other part of this Final Judgment and Order, and (b) any further proceedings, whether in this Court or on appeal, related to the Plan of Allocation shall in no way disturb or affect any other part of this Final Judgment and Order.

18. Without affecting the Finality of this Final Judgment and Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementing the Stipulation and any award or distribution of the DCX Gross Settlement Fund, including interest earned thereon; (b) disposition of the DCX Gross Settlement Fund, including the administration of all claims submitted; and (c) all Parties for the purpose of construing, enforcing and administering the Stipulation, and this Final Judgment and Order.

19. There is no reason for delay in the entry of this Final Judgment and Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: September 16, 2010

*(signature)*
Hon. Dolly M. Gee
United States District Judge

CC:FISCAL

# Exhibit 1

## Exclusion Requests

1. Arth Diab Clinic 401(k) M Rangaraj

2. George D. Galbraith Jr. & Catherine G. Galbraith

3. John Hodgson & Robin Hodgson

4. James L. Kindred & Joan S. Kindred

5. Jerry L. Shaffer & Catharine R. Shaffer

6. Stephen H. Swain

7. Carla Swenson Weiman